## UNITED STATES v. ROSENWASSER.

### No. 10782.

Circuit Court of Appeals, Ninth Circuit.

Nov. 21, 1944.

Charles H. Carr, U. S. Atty., and James M. Carter and V. P. Lucas, Asst. U. S. Attys., all of Los Angeles, Cal., for appellant.

Bernard B. Laven and Harry Graham Balter, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellee moves to dismiss the appeal of the United States from an order of the District Court of the United States for the Southern District of California granting a motion to suppress evidence at the trial of the cause.

Charges were preferred against appellee in an information alleging violations of the Fair Labor Standards Act of 1938, 29 U. S.C.A. § 207 et seq. Defendant-appellee filed a demurrer to the information and a motion for a bill of particulars. In addition, he moved to suppress certain evidence which he asserted had been obtained by search and seizure without a warrant thereby violating his rights under the Fourth and Fifth Amendments to the Constitution. The challenged evidence consisted of certain books and records of appellee's business, a suit and coat manufacturing concern known as the Perfect Garment Company. It was all introduced at a trial on an identical information in a for-mer case in which the jury returned a verdict of guilty but the court granted a motion for a new trial.

In an affidavit supporting his motion herein appellee explained that a representative of the Wage and Hour Division, Department of Labor, appeared at his office and made known her desire to take the records in question to the Department office for further checking, that she claimed the existence of a provision for such inspection in the Wage and Hour Law, that she promised to give a receipt for the records and to return them as soon as possible, and that appellee thereupon delivered the papers to her. It appears from the record that the documents were returned after photostatic copies had been made.

The district court granted appellee's motion. Specifically, its order forever suppressed all records, photostats, copies, or information secured therefrom, in any proceeding of any kind against appellee, and decreed the return of the data to appellee by the officers and agents of the Department of Labor, Wage and Hour Division. The United States perfected an appeal to this court from the order. Appellee now moves to dismiss the appeal on the ground that no right of appeal lies to this court from an interlocutory order such as that questioned herein. The United States contends that the order is final and appealable to this court under the provisions of 28 U. S.C.A. § 225(a),[1] but that even if considered interlocutory in character, it enjoins the United States, its officers and agents, from using the property in any proceeding and is therefore appealable under the provisions of 28 U.S.C.A. § 227[2] as an order granting an injunction.

The chief question presented herein is whether the district court's order granting appellee's motion to suppress is a final decision appealable under 28 U.S.C.A. § 225 (a). A review of the cases applicable to the subject reveals certain basic principles.

Where no criminal action against him is pending at the time the moving party institutes a proceeding to suppress evi-

[1] 28 U.S.C.A. § 225. "(a) Review of final decisions. The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions—

"First. In the district courts, in all cases save where a direct review of the decison may be had in the Supreme Court under section 345 of this title * * *."

[2] 28 U.S.C.A. § 227. "Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by interlocutory order or decree, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals * * *."

dence, the proceeding is considered an independent suit in equity and the court's order therein is appealable as a final decision. Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 159; Perlman v United States, 1918 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Cheng Wai v. United States, 1942, 2 Cir., 125 F.2d 915; United States v. Poller, 1930, 2 Cir., 43 F.2d 911, 74 A.L.R. 1382. Similarly, if the suppression of evidence is sought by a stranger to the criminal action, the proceeding is regarded as independent and an order therein is final and appealable. Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 356, 51 S.Ct. 153, 75 L.Ed. 374. However, if a party to a pending criminal action seeks the suppression of evidence together with the return of the seized papers and if the principal purpose of the motion is to suppress evidence at the criminal trial, the proceeding is incidental to the criminal action, and the resulting order is held to be interlocutory and not appealable. Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Jacobs v. United States, 1926, 9 Cir., 8 F.2d 981; United States v. Marquette, 1921, 9 Cir., 270 F. 214. Compare Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Alexander v. United States, 1906, 201 U.S. 117, 26 S. Ct. 356, 50 L.Ed. 686.

The Marquette case, supra, involved the suppression of evidence seized by federal officers without a search warrant. In contrast to the usual situation the appeal therein was brought by the government. Without discussing the problems involved and without emphasizing the peculiarity of the appeal as one brought by the government rather than by the defendant in the criminal action, the appeal was dismissed, the opinion succinctly stating, 270 F. at page 215: "The court below did not assume jurisdiction for the purpose of trying title or right of possession, but merely to prevent the use of the property wrongfully seized as evidence upon the trial of the criminal charge, and the order directing a return of the property to avoid that result is no more final or appealable than would be any other order excluding testimony on the trial." The quoted language is equally applicable to the instant situation.

In Cogen v. United States, supra, an appeal by the defendant from the trial court's order denying an application for the suppression of evidence and for the return of property was held properly dismissed on the ground that the order was merely incidental to the general litigation. The supreme court emphasized the fact that the suppression of evidence, not the return of the papers, was the principal purpose of defendant's application. We believe the reasoning of the Cogen case determines the result in the instant case as there are no essential factors in the one distinguishing it from the other.

We find no support for the government's argument that the order herein affected the rights of the clerk of the district court and of officers and agents of the Wage and Hour division to the possession of the papers and that therefore property rights of strangers to the criminal action were involved making the proceeding independent in character. The instant motion was made by the defendant in a criminal action with the main purpose of suppressing evidence at his forthcoming criminal trial. According to the principles stated in the Cogen and Marquette cases, supra, the suppression of evidence is so closely related to the criminal action as to be a part of it, and an order directing the return of the property is simply a means of accomplishing that suppression and does not change the character of the proceeding even though certain third party interests are incidentally involved. Compare Applybe v. United States, 1929, 9 Cir., 32 F.2d 873 and Weinstein v. Attorney General, 1921, 2 Cir., 271 F. 673, where no criminal proceedings were pending in which the moving parties were defendants.

We find pertinent Judge Holmes' assertion in Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319, 24 A.L.R. 1426, where, after documents were ordered returned to certain parties because their seizure was in violation of the Fourth Amendment, the parties were held guilty of contempt for refusing to produce the original documents under an order directing compliance with subpoenas. The court condemned the government's attempt to use knowledge gained from the papers illegally seized and commented: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all." We think the same theory applies to that part of the order in the instant case requiring the

officers and agents of the Wage and Hour Division to return any copies or information obtained from the property illegally seized and requiring the United States to refrain from using any data so obtained. The order granted a preliminary restraint incidental to the criminal action; it merely achieved its purpose of suppressing evidence, and the manner of its wording did not change its character as an interlocutory order.

The suggestion is made that a dismissal of the appeal herein might forever deprive the government of questioning the suppression rule because of the government's limited appellate rights in a criminal case. The reasoning is not persuasive, for the government's position herein is no less favorable than in the usual case of an adverse ruling on a point of evidence during a criminal trial, from which ruling the government would have no immediate, and possibly no future, right of appeal.[3]

The government insists that even though the order suppressing evidence be considered interlocutory, an appeal to this court will lie, under the provisions of 28 U.S.C.A. § 227 for an appeal from an interlocutory order granting an injunction, because a portion of the order bars the United States from using the seized property and information in any proceeding of any kind. In support of its theory two civil cases are cited. However, appeals from interlocutory orders are exceptional in character and are wholly dependent upon statute; therefore, the fundamental rule enumerated in § 225 requiring finality of decision as a basis of appeal must be followed unless an express authorization for a different procedure can be found. In addition, the courts have consistently guarded against an extension to the government of the right to appeal from an adverse ruling in a criminal case unless specific statutory sanction exists. United States v. Sanges, 1892, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445. We find no statutory authorization for an appeal from an interlocutory order in a criminal case. We hold that no appeal lies to this court from the questioned order by virtue of 28 U.S.C.A. § 227.

Appeal dismissed.

---

[3] Appellee has suggested that appeals by the government in criminal cases are strictly confined to the few instances listed in § 682 of 18 U.S.C.A. and therefore that even if the district court's order herein be considered a final decision, the within appeal would not lie. We have considered the point but indicate no opinion thereon.