**UNITED STATES v. JANITZ et al.**

No. 9328.

Circuit Court of Appeals, Third Circuit.

Argued March 7, 1947.

Decided April 16, 1947.

---

Charles J. Tyne, Asst. U. S. Atty., of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for appellant.

George R. Sommer, of Newark, N. J. (Anthony Calandra, of Newark, N. J., and Bernard G. Goldstein, of Paterson, N. J., on the brief), for appellees.

Before BIGGS, GOODRICH and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

A group of defendants was indicted for violation of the United States Internal Revenue Code charged with various offenses having to do with the illicit manufacture of alcoholic beverages.[1] The first trial took place prior to the effective date, March 21, 1946, of the Federal Rules of Criminal Procedure. It appearing that the seizure of the still apparatus and other articles had been made without warrant by entry of premises occupied by one Conklin, one of the defendants upon appropriate proceedings the evidence was suppressed so far as it concerned Conklin and the case against him was dismissed. Another of the defendants was dropped from the proceedings for lack of evidence, and one of the counts was dismissed as to two other defendants. The first proceeding resulted in a mistrial for reasons not relevant here.

In May, 1946, which was subsequent to the effective date of the new rules of Criminal Procedure, there were proceedings to suppress, as to the remaining defendants, the evidence which had already been ordered suppressed as to Conklin. The defendants based their motion upon Rule 41(e) of the new Rules.[2] They were upheld by the District Judge, 6 F.R.D. 1, and an order was entered enjoining the Government from using this evidence at any trial or hearing relating to the seizure of this still and mash.

In December, 1946, the Government moved the case for trial. The defendants waived their right to a jury and the case

[1] 35 Stat. 1096, March 4, 1909, 18 U. S.C.A. § 88, Conspiring to commit offense against United States: here a conspiracy to violate internal revenue laws; 53 Stat. 308, 26 U.S.C.A. Int.Rev.Code, § 2810(a), Registry of Stills: here an unlawful possession of a still; 53 Stat. 319, 26 U.S.C.A. Int.Rev.Code, § 2834, Mash * * * factories: here unlawful making of mash fit for alcohol production.

[2] "Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, * * *. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence *at any hearing or trial.* The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." 18 U.S.C.A. following section 687.

The important words are those which we have italicized in the foregoing quotation.

proceeded for trial before the court. Government counsel acknowledged that he could not establish the charges against the defendants because of the order restraining the use of the evidence. The defendants thereupon moved for judgment of acquittal as provided in Rule 29(a) of the Rules. This motion the District Judge denied. But seeking to find a way to provide for an appellate review of the ruling upon the suppression of the evidence as to defendants, other than Conklin, Rule 41(e) quoted supra, he entered an order of dismissal.[3] From this the United States appeals.

The first question is whether the appellant is properly in this Court on its appeal. The pertinent portions of the Criminal Appeals Act[4] are as follows:

"An appeal may be taken by * * * the United States from the district courts to a circuit court of appeals * * * in the following instances, to wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment, * * * except where a direct appeal to the Supreme Court of the United States is provided by this section."

█ █ We bear in mind the undisputed proposition that the Government's appeal must be based upon a right given in the statute if it is to have one.[5] Was the District Court order a "judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment"? We think it clear from the recital of the facts already set out that the learned Judge's order of dismissal was not based on any objection brought against the indictment at all. The defendants had made no attack on the indictment. The Government's case failed because it had no testimony to support it. We think this is not the kind of a judgment to which the Criminal Appeals statute is directed.

█ The Government points out that the amended statute specifically allows an appeal from decisions "sustaining a plea in abatement" which it says is a plea which "by definition relates to matters outside the pleadings". Obviously, this does not define or even describe a plea in abatement as distinguished from a plea to the merits. Plea in abatement was used[6] to defeat a particular court action without answering the allegations of the plaintiff.[7] The unsuccessful termination of the prosecution's case against the defendants in this instance because the Government had no evidence on which they could be convicted has nothing to do with a plea in abatement. We do not see, therefore, any possibility that this appeal can come within the language of the Criminal Appeals Act and the available legislative history cited to us on behalf of the Government's contention is we think, too unconvincing to require discussion. Our conclusion, therefore, is that the Government is not properly in Court on this appeal. The appeal is dismissed for want of jurisdiction.

---

[3] Had the evidence been admitted and the defendants been convicted an appeal by them would have brought this question squarely before us. In the meantime, it has been answered briefly, but with complete clarity, by the Second Circuit in Lagow et al. v. United States, 2 Cir. 1946, 159 F.2d 245, in a manner contrary to the ruling of the learned District Judge.

[4] 56 Stat. 271, 18 U.S.C.A. § 682.

[5] United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015, at page 1018, 156 A.L.R. 1200: "In addition, the courts have consistently guarded against an extension to the government of the right to appeal from an adverse ruling in a criminal case unless specific statutory sanction exists. * * * *"

[6] Now superseded by the Motion Raising Defenses and Objections contained in Rule 12 of the Federal Rules of Criminal Procedure.

[7] David v. David, 1932, 161 Md. 532, 157 A. 755, 81 A.L.R. 1100: "The distinction between a plea in abatement and a plea in bar is that the former delays the suit, while the latter destroys the cause of action. * * *" For a more complete discussion of the nature of a plea in abatement, see: Clark, Code Pleading 340-341 (1928); McKelvey, Principles of Common Law Pleading 96-100 (2d ed. rev. 1917); Shipman, Common Law Pleading 383-388 (3d ed.1923).