## UNITED STATES v. CEFARATTI.

### No. 10899.

United States Court of Appeals
District of Columbia Circuit.
Argued March 31, 1952.

Decided Nov. 6, 1952.

Writ of Certiorari Denied March 9, 1953.
See 73 S.Ct. 646.

Joseph A. Sommer, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., Washington, D. C., when the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellant. Charles M. Irelan, Washington, D. C., U. S. Atty., on the date of argument, entered an appearance for appellant.

Frank D. Reeves, Washington, D. C., with whom Curtis P. Mitchell, Henry Lincoln Johnson, Jr., and B. Dabney Fox, Washington, D. C., were on the brief, for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

On September 21, 1950 Policeman Gabrys saw appellee sell drugs to one Hallams. Appellee was not within reach and was not arrested. At the request of Gabrys, Hallams agreed to meet appellee on September 23 and buy from him 100 capsules of heroin and 100 of cocaine. Appellee appeared at the agreed time and place. Gabrys arrested him and searched him but found no drugs. Appellee told Gabrys the license number of a cab he had just parked. Gabrys found the cab, searched it without a warrant, and seized narcotics concealed in it.

Appellee was indicted on four counts. Counts 1 and 2 charged the sale of narcotics on September 21. Counts 3 and 4 charged purchase and concealment of narcotics[1] on September 23. On October 31 appellee moved, before trial, to suppress the seized evidence on the ground that the search and seizure were illegal. The District Court held a hearing on this motion. Gabrys testified to the facts we have stated. There was no other testimony.

The court granted the motion to suppress. Since this left no substantial evidence in support of counts 3 and 4, appellee would necessarily have been acquitted on these counts if the government had gone to trial. It would then have been too late for review and possible reversal of the order of suppression, since the rule against double jeopardy would have prevented appellee from being tried again. Accordingly the government moved to dismiss counts 3 and 4, and they were dismissed.[2] The government afterwards took this appeal, not from the order dismissing the indictment but from the order suppressing the evidence. If this order is reversed before the statute of limitations runs, the government plans to reindict appellee and try him. Accordingly the appeal is not moot.

The government says appellee did not claim any interest in the cab or the drugs and therefore cannot complain of the search and seizure. This point is somewhat technical. We need not consider it since the government's other contentions, with which we agree, require reversal of the court's order.

We think the search and seizure were legal and the evidence should not have been suppressed. The "Fourth Amendment has been construed * * * as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband

---

1. 44 Stat. 97, 26 U.S.C. § 2553(a); 42 Stat. 596, 21 U.S.C.A. § 174.

2. Appellee was afterwards tried and acquitted on counts 1 and 2.

goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved * * * if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Carroll v. United States, 267 U.S. 132, 153, 149, 45 S.Ct. 280, 285, 283, 69 L.Ed. 543. Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. There was nothing unreasonable in the belief of Gabrys that appellee was keeping an appointment to sell drugs and that since the drugs were not on his person they were in the cab.

■ At least in the District of Columbia Circuit[3] the right of appeal of the United States in criminal cases is not limited to the few instances named in the federal Criminal Code, 18 U.S.C. (Supp. V) § 3731. For Congress has provided in the District of Columbia Code that "In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the same right of appeal that is given to the defendant, including the right to a bill of exceptions: Provided, That if on such appeal it shall be found that there was error in the rulings of the court during a trial, a verdict in favor of the defendant shall not be set aside." D.C.Code (1940), (1951), § 23–105.[4] It follows that, so far as now material, the right of appeal of the United States is governed by the provision of the federal Judicial Code that "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court." 28 U.S.C. (Supp. V) § 1291. 28 U.S.C. § 225(a) is to similar effect.

■ We think the order suppressing evidence was a "final decision." "The words

'final decisions' * * * have not been understood in a strict and technical sense, but have been given a liberal and reasonable construction." Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 170 F.2d 44, 49, affirmed, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. There the Supreme Court upheld, as authorized by § 1291, an appeal to a Court of Appeals from an order, entered in a pending suit, denying a motion by the defendant to require the plaintiff to post an indemnity bond before proceeding with the suit. The Court said: "Section 1292 allows appeals also from certain interlocutory orders, decrees and judgments, not material to this case except as they indicate the purpose to allow appeals from orders other than final judgments when they have *a final and irreparable effect on the rights of the parties.* It is obvious that, if Congress had allowed appeals only from those final judgments which *terminate an action,* this order would not be appealable. The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. But the District Court's action upon this application was concluded and closed and its decision final in that sense before the appeal was taken. * * * We hold this order appealable because it is *a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.*" (Emphasis added.) 337 U.S. at pages 545–547, 69 S.Ct. at pages 1225–1226.

The Supreme Court has also held final and appealable, while a libel *in personam* is pending, an order vacating the libellants' attachment of a ship. The Court said: "The litigation arising out of the claim of the libellants has not run its entire course, but the order now here, like that in the Cohen case, 'appears to fall in that small class which finally determine claims of right sep-

---

3. Cf. United States v. Janitz, 3 Cir., 161 F.2d 19.

4. Congress has since repealed many sections of the District of Columbia Code but has allowed this one to stand.

arable from, and collateral to, rights asserted in the action, *too important to be denied review* and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' \* \* \* Appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released \* \* \* Under these circumstances the provision for appeals only from final decisions in 28 U.S.C. § 1291 [28 U.S.C.A. § 1291] should not be construed so as to deny effective review of a claim fairly severable from the context of a larger litigious process." The Court pointed out that "The situation is quite different where an attachment is *upheld* pending determination of the principal claim. Such was Cushing v. Laird, 107 U.S. 69 [2 S.Ct. 196, 27 L.Ed. 391] which is urged on us. In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." (Emphasis added.) Swift & Co. v. Compania Caribe, 339 U.S. 684, 688–689, 70 S. Ct. 861, 865, 94 L.Ed. 1206.

▌ We understand the Cohen and Swift cases to establish this principle. An order that does not "terminate an action" but is, on the contrary, made in the course of an action, has the finality that § 1291 requires for appeal if (1) it has "a final and irreparable effect on the rights of the parties", being "a final disposition of a claimed right"; (2) it is "too important to be denied review"; and (3) the claimed right "is not an ingredient of the cause of action and does not require consideration with it." The principle covers this case. Points (1) and (2) plainly apply here. The appealed order has a final and irreparable, and a most important, effect on the rights of the parties. The appealed order

made an acquittal inevitable if the government had gone to trial. The government would have had no appeal from that acquittal. If the appealed order stands, it will again make acquittal inevitable if appellee is reindicted and is then tried, for Rule 41(e) Fed.Rules Crim.Proc. 18 U.S. C.A., provides that if a motion to suppress evidence is granted "the property \* \* \* shall not be admissible in evidence at any hearing or trial." Point (3), also, plainly applies here. Appellee's claimed right to have the narcotics returned to him "is not an ingredient of" and "does not require consideration with" the criminal charge against him.

The principle applies in criminal as well as in civil cases. The Supreme Court recently held that an order denying a "motion to reduce bail is appealable as a 'final decision' of the District Court under 28 U.S.C. (Supp. IV) § 1291 [28 U.S.C.A. § 1291]. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 545–547, 1949 [69 S.Ct. 1221, 1225– 1226, 93 L.Ed. 1528]." Stack v. Boyle, 342 U.S. 1, 6, 72 S.Ct. 1, 4. In the Stack case, as here, the appealed order was entered after indictment and before trial.

The precise question we have is apparently new. However, it is settled that not only an order granting, Burdeau v. Mc-Dowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; United States v. Bianco, 3 Cir., 189 F.2d 716, but even an order denying, Go-Bart Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, a motion made before indictment, to suppress evidence is final and appealable. Since the appellee was not under indictment when the appeal was filed and is not under indictment now, the present appeal has a good deal of resemblance to the appeal in the Burdeau case.[5] However, our decision

---

5. After indictment and before trial, an order *denying* a defendant's motion to suppress is not final and not appealable. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. Such an order has no "final and irreparable effect on the rights of the parties." The motion may be renewed at trial; it may then be granted; and if it is then de-

nied and the defendant is convicted, the denial may be reviewed on appeal from the conviction.

Apparently United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200, in which the court extended the Cogen rule to an order *granting* a defendant's motion to suppress, differs from our case in that the information against

rests squarely on the Cohen, Swift, and Stack cases.

The purpose of the rule of finality is to prevent interrupted trials and piecemeal appeals. The present appeal will not result in anything of that sort. The Supreme Court has said of the Burdeau case, "the action of the district court was itself an interruption of the * * * inquiry; appeal by the Government did not halt the 'orderly progress' of the inquiry." Cobbledick v. United States, 309 U.S. 323, 329, note 6, 60 S.Ct. 540, 543, 84 L.Ed. 783. This is equally true here.

██ It is immaterial that if the District Court had *refused* to suppress the evidence its order would not have been final and therefore would not have been appealable.[6] Since defendants may appeal from "final decisions", to say that "the United States * * * shall have the same right of appeal that is given to the defendant * * * *Provided*, That * * * a verdict in favor of the defendant shall not be set aside" means that, subject to an exception not relevant here, the United States may appeal from final decisions. It does not mean that the United States cannot appeal from a final decision unless it so happens that an opposite decision would also have been final.

Reversed.

STEPHENS, Chief Judge (dissenting).

I think the court ought not widen the ambit for appeals by the Government in criminal cases unless there is specific statutory authority for so doing. In my view there is no specific statutory authority for an appeal by the Government from an order of the District Court granting a motion to suppress evidence.

It is without dispute that the appeal cannot be taken under the Criminal Appeals Act, 18 U.S.C. § 3731 (1949), for the reason that the order granting the motion to suppress is not within the classes of decisions or judgments made appealable by the Government to the courts of appeals by that section; it is not a decision or judgment setting aside or dismissing an indictment or information and it is not a decision arresting a judgment of conviction.

I think the appeal cannot be taken under 28 U.S.C. § 1291 (1951) because the motion to suppress was made, and the order denying it was entered, after return of indictment. The proceeding initiated by the motion was therefore not an independent proceeding but one a part of the criminal proceeding itself; and the order was therefore not final, but interlocutory. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); United States v. Rosenwasser, 145 F.2d 1015 (9th Cir. 1944). Cf. United States v. Bondy, 171 F.2d 642 (2nd Cir.1948). Section 1291 of Title 28 endows the courts of appeals with jurisdiction "of appeals from all final decisions of the district courts . . .." I think the proceeding to suppress, not independent when commenced, cannot be said to have thereafter been made independent by the Government's dismissal of the criminal proceeding of which it was a part. In Go-Bart Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931), cited in the majority opinion, the application to suppress books and papers allegedly unlawfully seized was made and the order denying it was entered before return of indictment. The proceeding was therefore an independent one and the order denying the application was a final order and was therefore a decision appealable under 28 U.S.C. § 225(a), U.S.C.1940 ed., which parallels § 1291 of Title 28. Again, in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), the petition to enjoin the United States attorney from taking into his possession, for use in a contemplated grand jury proceeding, exhibits of the peti-

---

Rosenwasser was pending at the time of the appeal. In pointing out this distinction we do not imply agreement with the Rosenwasser case.

**6.** Similarly, if a motion to dismiss an indictment or information is denied, the case is not finally disposed of and the de-

fendant has no right of appeal; Capital Traction Co. v. United States, 34 App. D.C. 591; cf. Heike v. United States, 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821; but if the motion is granted, the case is finally disposed of and the government has a right of appeal. District of Columbia v. Hauf, 33 App.D.C. 197.

tioner which had been impounded in a patent infringement case, was filed, and the order denying the petition was entered, before return of indictment. In United States v. Bianco, 189 F.2d 716 (3rd Cir. 1951), the petition to suppress and return seized lottery materials was filed—as a separate proceeding—and the order denying the petition was entered, before return of indictment. In Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), also cited in the majority opinion, no question was raised as to the appealability of the order for the return of books and papers and the Court made no ruling upon such a question. The decision is therefore no precedent.

I think the appeal cannot be taken under 28 U.S.C. § 1292 (1951) because the order granting the motion to suppress is not within the classes of interlocutory orders of the district courts, or the judges thereof, made appealable to the courts of appeals by that section; it is not an order granting, continuing, modifying, refusing or dissolving an injunction, or refusing to dissolve or modify an injunction; it is not an order appointing a receiver, or refusing an order to wind up a receivership or to take steps to accomplish the purposes thereof; it is not a decree determining the rights and liabilities of the parties to an admiralty case in which appeals from final decrees are allowed; and it is not a judgment in a civil action for patent infringement which is final except for accounting.

Finally, I think the appeal is not warranted by Section 23–105 of the District of Columbia Code, 1951, providing that in criminal prosecutions the United States shall have "the same right of appeal that is given to the defendant." A defendant has no right of appeal from an adverse decision on a motion to suppress made after return of indictment because such a decision is not final. Cogen v. United States, supra. Therefore in the instant case the Government has no right of appeal under Section 23–105—since, as demonstrated above, the decision adverse to the Government on the motion to suppress was not final.

As was said in the Rosenwasser case, supra, 145 F.2d at page 1018, ". . . the courts have consistently guarded against an extension to the government of the right to appeal from an adverse ruling in a criminal case unless specific statutory sanction exists. United States v. Sanges, 1892, 144 U. S. 310, 12 S.Ct. 609, 36 L.Ed. 445 . . .." There is in my view no statutory sanction for the appeal sought to be taken in the instant case.