Charles W. **HOFFRITZ**, Appellant,

v.

**UNITED STATES** of America, Laughlin
E. Waters, United States Attorney,
and Irwin R. Weiss, Appellees.

No. 14874.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1956.

Bernard B. Laven, Los Angeles, Cal.,
for appellant.

Laughlin E. Waters, U. S. Atty., Norman W. Neukom, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before STEPHENS, BARNES, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This suit was instituted to suppress certain evidence obtained by a special agent of the Internal Revenue Service. Plaintiff, Charles W. Hoffritz, also sought a permanent injunction against the use of such evidence in any criminal proceeding, and an order requiring that the evidence be returned to him. Named defendants, in addition to the United States of America, were the United States attorney for the southern district of California, central division, and the special agent who had gathered the evidence.

The evidence in question consists of a transcript of plaintiff's books, records, checks, receipts, and invoices, for the years 1947 to 1951. It is alleged in the complaint that this evidence was obtained by fraud and trickery, in violation of plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

The fraud and trickery, according to the complaint, consisted of the special agent's failure to disclose the true purpose of the agent's investigation, and his false representation that such purpose was to recheck certain civil adjustments which had been made for the years 1947 and 1948. The true purpose, plaintiff alleges, was to obtain evidence for a contemplated criminal proceeding concerning the years 1947 to 1951. Had this purpose been known to plaintiff, it is asserted, the agent would not have been given permission to inspect the books and records.

As a part of his complaint, and also by means of a separate motion and supporting affidavit, plaintiff sought a preliminary injunction pending final determination of the action, and a temporary restraining order. No temporary restraining order was issued. However, on the day the suit was filed, an order was entered requiring defendants to show cause why a preliminary injunction should not issue.[1] Several rounds of supporting and opposing affidavits were filed prior to February 1, 1955, when the show cause order came on for hearing.

Following this hearing, the district court, on March 29, 1955, entered an order disposing of the entire case on the merits. It is recited in the order that the action is properly to be treated as a motion pursuant to Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., permitting a motion for return of property and to suppress evidence. It was held that, "assuming all of plaintiff's allegations to be true," the evidence was not illegally obtained. The order discharges the show cause order of January 4, 1955; denies plaintiff's motions to suppress the evidence, for return of property, and for a preliminary injunction; and requires defendants to prepare and submit findings of fact, conclusions of law, and judgment. No reference is made to the prayer for a permanent injunction, but it must be assumed that this too was denied, since in effect the action was dismissed.

Findings of fact, conclusions of law, and a judgment, consistent with this order, were entered on April 18 and 19, 1955. Following denial of a motion for new trial, plaintiff, on June 27, 1955, filed notice of appeal.

Before reaching the specifications of error, we are confronted with appellees' argument that this appeal has become moot. This contention is based on the fact that, on August 31, 1955, after this appeal had been instituted, the United States grand jury returned an indictment charging appellant, in ten counts

1. The order is entitled, "Order to Show Cause and Temporary Restraining Order." Since, however, it does not purport to restrain defendants prior to the return date, it is clearly an order to show cause why a preliminary injunction should not issue. See Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A.

covering the years 1948 to 1952, with certain violations of the Internal Revenue Act. The evidence here in question was presumably used in obtaining these indictments.

■ It is true, as appellant concedes, that by the return of the indictment, appellant has lost one of the anticipated fruits of his appeal.[2] It is likewise true that, where a motion for suppression and return of evidence is filed subsequent to indictment, the order disposing of such motion is interlocutory and not separately appealable. United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200. It has nevertheless been held, under circumstances similar to this case, that the return of an indictment after notice of appeal has been filed, does not moot the appeal. Lapides v. United States, supra.[3] For the reasons stated in Lapides, we hold that this appeal has not become moot.

The first question presented by the specifications of error is whether appellant was erroneously denied a hearing at which he could adduce testimony and cross-examine witnesses.

That such a hearing was not held is clear from the record. The court considered only the complaint, affidavits, and argument of counsel.

■ As before noted, the matter came on for hearing pursuant to an order to show cause why a preliminary injunction should not be granted. In such a proceeding, a preliminary injunction may, in the discretion of the trial court, be granted or denied, upon affidavits. Ross-Whitney Corp. v. Smith Kline &

French Lab., 9 Cir., 207 F.2d 190.[4] It follows that, if the judgment under review had been limited to the denial of the motion for a preliminary injunction, the fact that oral evidence was not received might not be prejudicial error.

But, as previously indicated, the judgment entered was not limited to the question of preserving the status quo pending final disposition of the action. This judgment itself effected a final disposition of the action by denying, on the merits, appellant's prayer for ultimate relief. Thus, if this was, as it purported to be, a show cause proceeding for a preliminary injunction, it would appear that the court dealt with issues which were not before it. Seagram-Distillers Corp. v. New Cut Rate Liquors, 7 Cir., 221 F.2d 815, certiorari denied 350 U.S. 828, 76 S.Ct. 59, 100 L.Ed. 740.

Appellees, however, suggest that this can be regarded as a summary judgment,[5] and that it was therefore proper to dispose of the case on the merits without receiving evidence.

■ That this cannot be regarded as a summary judgment may be quickly demonstrated. There was no motion for such a judgment, nor any hearing thereon, as required by Rule 56, supra. Such a judgment may not be rendered if, as in this case, there is a genuine issue as to any material fact. Rule 56(c), supra.[6] Finally, the form of the order and judgment entered indicates that the court was not following the summary judgment procedure, but was proceeding under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A.[7]

2. Whether this loss is irretrievable, we need not now decide. But see the suggestion in the dissenting opinion by Judge Frank, in Lapides v. United States, 2 Cir., 215 F.2d 253, 262 (on a point not contrary to the majority opinion), that if a plaintiff prevails in a motion to suppress evidence, an indictment based thereon may be quashed.

3. See, also, Centracchio v. Garrity, 1 Cir., 198 F.2d 382, certiorari denied 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672.

4. Contra: Sims v. Greene, 3 Cir., 161 F. 2d 87.

5. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

6. Neither appellees nor the trial court has accepted as true the implication of the complaint that the special agent was not given permission to examine books and records for the years 1949 to 1951.

7. The applicable part of Rule 41(e) reads as follows:
"A person aggrieved by an unlawful search and seizure may move the district

Appellees argue, apparently in the alternative, that this was not a civil proceeding at all, but was a criminal proceeding under Rule 41(e), supra. As indicated above, this was also the view of the trial court. If this be true, the court did not err in dealing with the merits of appellant's cause of action. This is contemplated under Rule 41(e).

The cases are not in agreement as to whether a motion to suppress and return evidence, made prior to indictment, is a civil proceeding, or a criminal, though "independent," proceeding under Rule 41(e).[8]

If we assume, however, that this was a proceeding under Rule 41(e), appellant points out that he should have been permitted to produce evidence and cross-examine witnesses. This rule specifically provides that the judge "shall receive evidence on any issue of fact" necessary to the decision of the motion.

There was at least one issue of fact necessary to the decision of the motion. That was whether appellant gave the special agent permission to examine the books and records for the years 1949 to 1951. The complaint, as amplified by appellant's affidavits (which must be considered if this is a Rule 41(e) proceeding) deny that such permission was given. In the affidavits filed on behalf of appellees, it is asserted that such permission was given. If this issue is re-solved in appellant's favor, his motion to suppress has substance.

■ Appellant, under the rule, was entitled to submit evidence upon this issue. It would then have been for the trial court to evaluate the testimony and resolve the issue. See Benes v. Canary, 6 Cir., 224 F.2d 470, certiorari denied, 350 U.S. 913, 76 S.Ct. 197, 100 L.Ed. 801. Whether there are other issues of fact concerning which evidence should have been given we need not now decide.

Appellees argue, however, that appellant was accorded an opportunity to present evidence, but that appellant was satisfied to submit the case on affidavits.

Examination of the record does, indeed, indicate that appellant was afforded such an opportunity, and declined to take advantage of it. But, as the record plainly shows, appellant was then proceeding on the assumption that this was the usual show cause proceeding under Rule 65, Federal Rules of Civil Procedure. So, apparently, were appellees and the trial judge at that time, since no mention was then made of Rule 41(e), Federal Rules of Criminal Procedure. It was not until the court handed down its order denying all of the prayers of the complaint, and disposing of the action on the merits, that reference was made to Rule 41(e).

■ We do not believe that, under these circumstances, appellant should be

court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, * * * or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware

of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

8. Compare Chieftain Pontiac Corp. v. Julian, 1 Cir., 209 F.2d 657, Weldon v. United States, 9 Cir., 196 F.2d 874, and Freeman v. United States, 9 Cir., 160 F.2d 69, with Centracchio v. Garrity, 1 Cir., 198 F.2d 382, certiorari denied, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672; White v. United States, 5 Cir., 194 F.2d 215, certiorari denied, 343 U.S. 930, 72 S.Ct. 760, 97 L.Ed. 1340, and In re Fried, 2 Cir., 161 F.2d 453, 1 A.L.R.2d 996, certiorari granted, 331 U.S. 804, 67 S.Ct. 1755, 91 L.Ed. 1826, certiorari denied, 331 U.S. 858, 67 S.Ct. 1751, 91 L. Ed. 1865, certiorari dismissed, 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384.

held to have waived his right to present evidence and cross-examine witnesses.

In view of the conclusion we have reached on this branch of the case, we do not reach the merits of the controversy.

The judgment is reversed and the cause remanded, with directions to grant appellant a hearing at which he may produce evidence and cross-examine adverse witnesses. An appropriate order shall be entered in the district court enjoining further proceedings in the criminal action until such a hearing has been held in the instant proceedings, and there has been a complete disposition thereof.