William E. Ringel, J.
This is a motion to suppress. The facts disclose that at about 12:30 a.m. on the third day of July, 1965, in the vicinity of 109th Street and Lexington Avenue, a police officer was told by an unknown civilian that he had heard a shot which seemed to come from a nearby building. Three male white persons were seen leaving premises 172 East 110th Street and drive away in a 1955 white Oldsmobile. The officer went to these premises and spoke to a tenant, who likewise told him that he too had heard a shot. The tenant supplied the officer with a description of three male white persons he had seen in the building and furnished him with the license plate number of an automobile in which they drove away.
A police radio message alerted the police officer to investigate a pistol shot at the address on 110th Street. Thereafter at about 2:30 a.m. the officer saw the three defendants in a parked 1955 white Oldsmobile in the area with the defendant Cassese behind the wheel. Upon request Cassese produced his driver’s license and automobile registration. The defendants were ordered out of the vehicle and frisked, but no gun was found on their person. Upon searching the vehicle, the officer found a pistol loaded with seven cartridges. The defendants seek to suppress the gun, claiming that this was an illegal search and seizure.
The preliminary question is whether or not the police officer, relying on the information he had previously received, had probable cause to believe that the three defendants were the ones who earlier that evening had been in premises 172 East 110th Street and were seen driving away shortly after a shot had been discharged. Under these circumstances, did the police officer have probable cause to arrest and frisk the defendants and search their car?
The information supplied by the unknown informants, including the description given of the three defendants, the license plate number, the color, make and year of the automobile involved, corroborated by the police radio alert, taken altogether *1033 constituted probable cause to apprehend these defendants (People v. Wilson, 16 A D 2d 207).
Where the police have probable cause, or special knowledge based on reasonable grounds, to believe that an automobile contains contraband, a search of that automobile is not illegal (People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014; United States v. Cefaratti, 202 F. 2d 13; People v. Daily, 157 Cal. App. 2d 649).
“A man’s automobile, unlike his house, is a mobile object and the need for immediate search is deemed that much the greater. (See Carroll v. United States, 267 U. S. 132, 153; United States v. Cefaratti, 202 F. 2d 13.) ” (People v. Daily, supra, p. 653.)
Where the facts, as here, preclude the possibility of procuring a search warrant, a search without a warrant may be deemed valid (United States v. Rabinowitz, 339 U. S. 56; [overruling Trupiano v. United States, 334 U. S. 699]; United States v. Cefaratti, supra; People v. Daily, supra). A search warrant is not a 11 sine qua non to the reasonableness of a search ’ ’, nor is it the sole test for a lawful search without a warrant. (United States v. Rabinowitz, supra, p. 65.)
Under all the facts and circumstances, I find that the officer had probable cause to search the automobile at the time he ordered the defendants out of the vehicle.
The defendants’ contentions, that the arrest must precede the search if the search is to be deemed legal, is without merit. If the police have the right to arrest, it is immaterial whether the search incident thereto precedes the arrest or vice versa. (Husty v. United States, 282 U. S. 694; Busby v. United States, 296 F. 2d 328, cert. den. 369 U. S. 876; People v. Jones, N. Y. L. J., July 18, 1963, p. 6, col. 1.)
The arrest of the defendants based on probable cause being lawful, the right to search the defendants’ car contemporaneously therewith is likewise lawful and reasonable (Preston v. United States, 376 U. S. 364; Carroll v. United States, supra; People v. Defore, 242 N. Y. 13). Such search may extend to those things under the immediate control of the defendant (People v. Coiro, N. Y. L. J., Oct. 2, 1964, p. 18, col. 1; Preston v. United States, supra; Carroll v. United States, supra; People v. Lombardi, supra; Crawford v. Bannan, 336 F. 2d 505). Pistols (i.e., contraband) are subject to seizure during such incidental search (United States v. Nirenberg, 19 F. R. D. 421).
Even without arresting the defendants at that hour in the morning on a public street, the police had the right to moment *1034 arily detain, question and “frisk” them. (People v. Rivera, 14 N Y 2d 441; People v. Peters, 44 Misc 2d 470; Code Crim. Pro., § 180-a). Such “frisk”, under the facts in this ease, could lawfully extend to the automobile (People v. Pugach, 15 N Y 2d 65).
The motion to suppress is denied.