UNITED STATES of America, Appellant,

v.

Warren L. STEPHENSON, Appellee.

No. 12421.

United States Court of Appeals District of Columbia Circuit.

Argued April 14, 1955.

Decided May 19, 1955.

---

Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellant.

Mr. Nicholas J. Chase, Washington, D. C., with whom Mr. Theodore Jaffe, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee was indicted for perjury. He moved in the District Court for suppression, as evidence, of a recording and a transcript of a telephone conversation. The court granted the motion [D.C., 121 F.Supp. 274] and the government appealed. Appellee moves to dismiss the appeal.

The court expressed the opinion that its order of suppression was reviewable and cited United States v. Cefaratti, 91 U.S.App.D.C. 297, 202 F.2d 13. In that case the indictment had been dismissed, after the order of suppression and before the appeal, and in the present case the indictment is pending. But in Cefaratti we did "not imply agreement" with United States v. Rosenwasser, 9 Cir., 145 F. 2d 1015, 156 A.L.R. 1200, which treated such a difference as critical. On the contrary, we rested Cefaratti "squarely on the Cohen [Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528], Swift [Swift & Co. Packers v. Compania Caribe, 339 U.S. 684, 70 S. Ct. 861, 94 L.Ed. 1206], and Stack [Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3] cases." The principle was, we said, that an order which does not "terminate an action" has the finality which 28 U.S.C. § 1291 requires for appeal "if (1) it has 'a final and irreparable effect on the rights of the parties', being 'a final disposition of a claimed right'; (2) it is 'too important to be denied review'; and (3) the claimed right 'is not an ingredient of the cause of action and does not require consideration with it.'" 91 U.S.App.D.C. at page 301, 202 F.2d at page 16.

In this case, as in Cefaratti, without the suppressed evidence the prosecution cannot succeed. Yet the two cases differ in at least one critical respect. In Cefaratti, the evidence was obtained by search and seizure. Rule 41(e), Fed.R. Crim.P., 18 U.S.C., provides that when evidence so obtained is suppressed it "shall not be admissible * * * at any hearing or trial." In the present case, the evidence was not obtained by search and seizure and Rule 41(e) is irrelevant. The District Court may decide to admit, at the trial, the evidence it has suppressed before trial. Its order of suppression therefore has not " 'a final and irreparable effect on the rights of the parties.'" It is not " 'a final disposition of a claimed right.'" It is an "interlocutory order" within the meaning of D.C.Code 1951, § 17–102.

We imply no opinion on the question whether this appeal would lie if the indictment had been dismissed.

Appeal dismissed.