UNITED STATES of America,
Appellant,

v.

Leon F. CARROLL, Appellee.

UNITED STATES of America,
Appellant,

v.

Daniel J. STEWART, Appellee.

Nos. 12640, 12641.

United States Court of Appeals
District of Columbia Circuit.

Argued April 3, 1956.

Decided May 3, 1956.

Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, Lewis Carroll and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellant.

Messrs. Curtis P. Mitchell, Washington, D. C., and William B. Bryant, with whom Mr. Henry Lincoln Johnson, Jr., Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

These are appeals by the Government from the grant by the District Court of motions to suppress evidence seized from the persons of the appellees when the latter were arrested. The motions, made under Rule 41(e), Fed.Rules Crim.Proc., 18 U.S.C.A., were based on the contention that the arrests, which were made

pursuant to John Doe warrants, were illegal for lack of probable cause.

■ Appellees challenge the jurisdiction of this court to hear appeals such as these. But on this question United States v. Cefaratti, 1952, 91 U.S.App. D.C. 297, 302, 202 F.2d 13, 18, certiorari denied, 1953, 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343, as explained by United States v. Stephenson, 1955, 96 U.S.App. D.C. 44, 223 F.2d 336, is controlling, even though, as appellees point out, the indictment against them is still pending. In the Stephenson case we said, 96 U.S.App. D.C. at page 45, 223 F.2d at page 337:

"The [District] court expressed the opinion that its order of suppression was reviewable and cited United States v. Cefaratti, 91 U.S.App. D.C. 297, 202 F.2d 13. In that case the indictment had been dismissed, after the order of suppression and before the appeal, and in the present case the indictment is pending. But in Cefaratti we did 'not imply agreement' with United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200, which treated such a difference as critical. On the contrary, we rested Cefaratti 'squarely on the Cohen (Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528), Swift (Swift & Co. Packers v. Compania [Colombiana Del] Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206), and Stack (Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3) cases.' The principle was, we said, that an order which does not 'terminate an action' has the finality which 28 U.S. C. § 1291 requires for appeal 'if (1) it has "a final and irreparable effect on the rights of the parties", being "a final disposition of a claim-

ed right"; (2) it is "too important to be denied review"; and (3) the claimed right "is not an ingredient of the cause of action and does not require consideration with it." ' 91 U.S.App.D.C. at page 301, 202 F.2d at page 16."

On that authority, we think appeals lie in the present cases. Two of the counts of the indictment allege that the appellees had in their possession on the date they were arrested the numbers paraphernalia suppressed. It seems obvious that, at least with respect to those two counts, "In this case, as in Cefaratti, without the suppressed evidence the prosecution cannot succeed." United States v. Stephenson, 96 U.S.App.D.C. at page 45, 223 F.2d at page 337.[1]

■ Appellees further contend that a reversal of the order of the District Court would permit the Government to prosecute them at this time in violation of their constitutional right to a speedy trial. They argue that the delay attendant upon the Government's present appeals has prevented suitably prompt trial. This is a matter we need not now pass upon. Whatever claims appellees may have in this regard they are free to press in the District Court. Compare United States v. Provoo, 17 F.R.D. 183, affirmed per curiam, 1955, 350 U.S. 857, 76 S.Ct. 101.

We turn to the question whether there was probable cause to justify the arrests. The Commissioner issued the arrest warrants for appellees on the basis of an affidavit made by two members of the morals squad of the Metropolitan Police. The central figure in their affidavit is one Norman Hall, not a party to this appeal, concerning whom the affidavit alleged reliable information had been received that he was picking up numbers slips, which

1. In fact, the Government says: "Without the numbers paraphernalia seized and suppressed the Government would be unable to proceed on any of the counts in which these appellees are involved and would have to dismiss the indictment." It adds: "If the Court should deem it necessary, the Government will formalize this statement by filing a stipulation with this Court to the effect that if the order of suppression entered below ultimately is upheld the United States will not be in possession of sufficient evidence to go forward and consequently will dismiss the indictment."

were later turned over to another person described as a known numbers operator. The affidavit alleges that on the basis of this information surveillance of Hall was begun, and that on a number of days extending for more than a month and a half he was seen to go to a regular series of establishments, either with a paper bag, or with bulging pockets. The affidavit further alleged that at one of these establishments, a barber shop which the affiants could see into, Hall was seen on a number of days to open a drawer and remove slips of paper which he put in his pockets. During his rounds Hall on twelve occasions met appellee Stewart in front of an apartment house garage on the corner of 15th and Massachusetts Avenue, N. W. On these occasions Stewart would either get into Hall's car briefly or hand him a package through the window of the automobile. On one occasion Stewart was observed to get into Hall's car with pockets bulging and leave immediately thereafter with pockets empty. On seven occasions Hall was met in front of 707 First Street, N. W., by appellee Carroll, who would hand Hall a small brown paper package.

 "Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 1949, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879, quoting Carroll v. United States, 1925, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543. We think that the material set forth in the affidavit was sufficient to warrant a man of reasonable caution in the belief that Hall was engaged in picking up numbers slips along a regular route, and that Stewart and Carroll were passing the slips to him. Compare Mills v. United States, 90 U.S.App.D.C. 365, 196 F.2d 600, certiorari denied 1952, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643. And in at least one respect the instant case contains less justification for judicial interference than did Brinegar or Mills since here the conclusion of the policemen that appellees were probably engaged in the commission of an offense was passed on and approved by the United States Commissioner who issued the arrest warrant. See Johnson v. United States, 1948, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Lefkowitz, 1932, 285 U.S. 452, 464, 52 S.Ct. 420, 76 L.Ed. 877.

For these reasons, the order of the District Court must be reversed, and the cases remanded for proceedings not inconsistent with this opinion.

So ordered.