Franklin R. **MASIELLO**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16657.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1962.

Decided May 10, 1962.

Petition for Rehearing by the Division
Denied June 6, 1962.

Petition for Rehearing En Banc Denied
En Banc June 8, 1962.

Mr. David F. Smith, Washington,
D. C., for appellant.

Mr. Daniel A. Rezneck, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee. Mr. Arnold T. Aikens, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, BAZELON and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted on all three counts of an indictment charging gambling violations.[1] He seeks reversal on the ground, among others, that the District Court erroneously denied his pre-trial motion, under Rule 41(e) of the Federal Rules of Criminal Procedure,[2] to suppress certain evidence.

His motion alleged that this evidence—which included a revolver, books, and pieces of paper—had been seized in a search of his premises pursuant to a warrant which was executed in violation of 18 U.S.C. § 3109. That section authorizes an officer to break open a door in order to execute a search warrant only after he has given notice of "his authority and purpose" and after he has been refused admittance.[3]

The Government failed to call any witnesses at the pre-trial hearing. Appellant testified that he heard a knock on his apartment door and the announcement, "police"; that within ten seconds thereafter, during which interval he had said, "Just a minute," and had been about to open the door, the police broke open his door; that prior to breaking in they did not announce they had a search warrant.

It would appear that the court overlooked the statutory requirement that the officers state their purpose and hence it failed to consider appellant's testimony that no such announcement was made. For the express ruling upon which the court rested denial of the motion to suppress dealt only with § 3109's requirement that the officer must be "refused admittance" before he may "break open [a] door." The court held that requirement satisfied because "in a numbers operation, a wait of ten seconds doesn't seem to me to be too soon." Since the officers' failure to announce their purpose established non-compliance with § 3109, we need not consider appellant's contention that a ten-second delay could not properly be interpreted as a refusal to admit the officers within the meaning of that section.

■ Appellant's testimony made a prima facie showing that the police fail-

1. D.C.Code, §§ 22–1501, 1502 and 1505.

2. That rule provides:
   "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." Fed.R.Crim.P. 41(e), 18 U.S.C.

3. That section reads:
   "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant." 18 U.S.C. § 3109.

ed to announce their purpose to execute a search warrant, as required by § 3109. This testimony, not inherently implausible, was uncontradicted.[4] On such a record the officers' entry and the ensuing search should have been held unlawful under § 3109. See Miller v. United States, 357 U.S. 301, 306, 308, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); Hair v. United States, 110 U.S.App.D.C. 153, 155, 289 F.2d 894, 896 (1961); Accarino v. United States, 85 U.S.App.D.C. 394, 403, 179 F.2d 456, 465 (1949). It follows that the court below erred in denying the pre-trial motion to suppress.

■ The Government points out, however, that at trial the police officers testified that they did announce their purpose to execute a search warrant before breaking open the door. It urges that such testimony must be considered in determining the issue of compliance with § 3109. We agree that the entire record, which includes evidence adduced at both the pre-trial hearing and the trial, may be considered in deciding whether the error was prejudicial. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

In Carroll the Supreme Court refused to set aside a conviction on the ground that a pre-trial motion for the return of evidence may have been erroneously denied. Petitioner claimed that the pre-trial hearing failed to establish probable cause for the search during which the evidence was seized. The Supreme Court held it immaterial whether the pre-trial motion was improperly denied since additional testimony establishing probable cause was subsequently presented at trial and considered by the trial court in holding the evidence admissible.

In the present case, it does not appear that the trial court considered the officers' testimony at trial since it expressly refused to reconsider its pre-trial ruling. We should not speculate on how the trial court would have resolved the conflict in testimony between appellant and the officers, and how it would have applied a correct view of the law. In Carroll there was no *conflict* in testimony to be resolved, but a *lack* of evidence of probable cause at the pre-trial hearing which was supplied at trial.

■ The unresolved conflict in testimony precludes our affirming the judgment as the Supreme Court did in Carroll. We think it appropriate in these circumstances to vacate the judgment and remand the case for a determination of the motion to suppress confined to the issue whether the search warrant was executed in violation of § 3109.[5] The District Court should make findings of fact and conclusions of law on the issue. For this purpose, the court may consider the evidence at the pre-trial hearing, at the trial and at any further hearings deemed advisable upon remand. If appellant's motion to suppress is denied, a new final judgment should be entered. Any appeal therefrom would be restricted to questions related to the determination which we now require. If, on the other hand, the motion to suppress is granted, a new trial should be ordered.

■ The only other point raised by appellant which merits discussion relates to the sufficiency of the police officers' affidavit for the issuance of the arrest

4. Cf. United States v. Skeeters, 122 F. Supp. 52, 57 (S.D.Cal.1954); United States v. Warrington, 17 F.R.D. 25, 29 (N.D.Cal.1955).

5. See Rios v. United States, 364 U.S. 253, 260–262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960). Cf. Killian v. United States, 368 U.S. 231, 244, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961). We do not imply that the Government may with impunity fail to produce its witnesses at the pre-trial determination of the motion to suppress.

Had the pre-trial judge granted the motion, Rule 41(e) would have prevented the Government from introducing the suppressed evidence at trial. See United States v. Stephenson, 96 U.S.App.D.C. 44, 45, 223 F.2d 336, 337 (1955) (dictum). Cf. United States v. Koenig, 290 F.2d 166, 173–174 (5th Cir. 1961), affirmed, DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) (dictum: "exceptional circumstances" might require trial court to admit evidence previously suppressed).

and search warrants.[6] Appellant contends that the affidavit, sworn to jointly by two police officers, was drawn in a "narrative, third person form in which it was impossible to tell what was sworn to on personal knowledge, or what was sworn to on belief." The Government counters that "the affidavit clearly indicates which components of probable cause consisted of information obtained by other persons, which were derived from the personal observations of the officers, and whose personal observations these were."

We think that the truth lies somewhere between these two interpretations of the affidavit. Appellant implies that the affidavit recounts certain aspects of his conduct without indicating who observed it. But the affidavit clearly states that Private Henson, one of the affiants, observed all the conduct in question. Therefore, from the face of the affidavit it was possible to tell what was sworn to as the personal knowledge of at least one of the affiants. The purpose of Rule 41(c)'s requirement that the name of the affiant be given was accomplished since appellant was able to, and did in fact, "probe and challenge the legality of the warrant." [7]

We think, however, that the Government overstated the case when it said that the affidavit clearly indicates who made the observations. It is clear that Private Henson observed the conduct in question, because the affidavit so states. But the affidavit was also sworn to by Private Perkins. We think that the form in which the affidavit was drawn ambiguously implies that Private Perkins either observed the conduct also, or else that he observed the observer. Apparently he did neither.[8] We think the United States Commissioner would have been well advised to require clarification. Since needless difficulties may result from the use of joint affidavits in support of applications for warrants, the practice is undesirable. In this case, however, the affidavit of Private Henson alone would have been sufficient, and it is possible to identify the information to which he swore. We therefore conclude that the defect in the affidavit does not warrant reversal.

The case is remanded to the District Court for further proceedings consistent with this opinion.

So ordered.

BURGER, Circuit Judge, concurring.

I concur in the remand in this form because it provides a self-executing mechanism in the event the District Court finds, on the entire record, that § 3109 was not violated. It should be clear that while time lapse between the police announcement and a break-in cannot be rigidly defined, the law plainly requires that police identify themselves as such and that they state their warrant authority before breaking in. Inevitably an accused found with incriminating materials will deny police assertions of compliance with the statute. The conflict in testimony must then be resolved by the fact trier. Appellate review of such findings is narrow and limited but they are reviewable.

6. The fourth amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *." Rule 41(c) requires that the warrant "shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof." Fed.R.Crim. P. 41(c), 18 U.S.C.

7. See King v. United States, 282 F.2d 398, 400 (4th Cir. 1960).

8. Private Perkins testified at the pre-trial hearing that he learned about some of Private Henson's observations when the latter recounted them to him in the evening; as to other conduct, "I may have been in the area, may have been sitting outside but I did not make the observations of Private Henson inside the building."