STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WARREN D. KLINE, DEFENDANT-RESPONDENT.

Argued April 6, 7, 1964—Decided April 20, 1964.

On appeal from a judgment of the Superior Court, Appellate Division, where the following opinion was filed.

"Defendant was convicted of bookmaking, and he appeals. The sole ground of appeal is that the evidence upon which he was convicted was taken from his person, his home and his automobile by means of a search warrant issued without probable cause. No warrant had been issued for defendant's arrest at the time he was searched, and the State does not contend that the search was incidental to an arrest.

The affidavit upon which the search warrant was issued was sworn to by a detective lieutenant. He stated that he had 'good reason to believe and does believe that upon the person of Warren Kline * * *,' in his home located in Warren Township, Somerset County, and in a 1959 Ford station wagon registered in his name, 'there has been and now is located certain property used as the means of committing a misdemeanor, in violation of * * * N. J. S. 2A:112–3, said property consisting of betting slips * * * and other gambling paraphernalia.' He said that the 'facts tending to establish * * * probable cause of deponent's belief * * * are as follows':

(a) Deponent is charged with conducting gambling investigations in this County and has held this subject suspect for a long period of time.

(b) Three individuals, wholly unrelated, have informed deponent that the subject named is engaged in a gambling enterprise. This information has been brought out over an extended period of time and the sources are wide spread and not connected in any manner. It would serve no good purpose to identify the informants since their information merely served as a basis for this investigation.

(c) Deponent has maintained a surveillance on the subject named since July 11, 1962, noting the following observations:

(1) Subject entered the Candy Carousel Lunch and News Stand, 314 Watchung Avenue, Plainfield, New Jersey between the hours of 11:10 and 11:40 A. M. on the following dates: July 11, 12, 13, 17, 18, 20, 23, 24 and 25, 1962 and emerged with a copy of the Armstrong Daily Sports News, commonly called a 'scratch sheet.' The subject never followed a route, following this action, toward any race track, but ultimately returned to his home.

(2) Following his acquisition of a scratch sheet, the subject entered a private residence at 685 West 4th Street, Plainfield, New Jersey, which is listed in the name of Earl S. Stevenson, being a colored residence in the heart of a colored neighborhood; the subject Kline, is a white male. The subject entered that residence between 11:20 and 11:45 A. M. on the following dates: July 11, 12, 13, 17, 18, 19, 20, 23, 24 and 25, 1962, and left from there between the hours of 11:55 A. M. and 1:10 P. M. on those dates.

(3) While the subject was in the Stevenson house on the dates mentioned, from four to twelve colored males and females entered the house from various cars and trucks, remaining in the house from a few minutes to 45 minutes, the majority of stops being of short duration.

\*     \*     \*     \*     \*     \*     \*     \*

(d) The subject named is not legitimately employed and maintains a pattern of activity which is peculiar to bookmaking; all of which indicates probable cause of deponent's belief that such grounds exist.
\*   \*   \*.

Based upon this affidavit, a search warrant was issued which authorized the search of defendant, his home and the automobile. The search took place at defendant's home.

██ A search warrant may not be issued to search a person or a place unless the magistrate is satisfied that there is probable cause to believe not only that what is sought is subject to seizure (*R. R.* 3:2A–2) but also that there is probable cause to believe that it is to be found on the person or in the place sought to be searched. *Dumbra v. United States,* 268 *U. S.* 435, 45 *S. Ct.* 546, 69 *L. Ed.* 1032 (1925) ; *Lowrey v. United States,* 161 *F.* 2d 30, 33 (8 *Cir.* 1947), *cert.* denied

331 *U. S.* 849 [67 *S. Ct.* 1737, 91 *L. Ed.* 1858] (1947), petition for rehearing denied 332 *U. S.* 787 [68 *S. Ct.* 36, 92 *L. Ed.* 369] (1947). This affidavit did not set forth facts or circumstances sufficient to meet that test.

The only mention of defendant's home in the affidavit was that defendant 'ultimately returned' to it. No facts or circumstances were set forth in the affidavit which afforded reasonable grounds to believe that bookmaking were being carried on in the home, or that bookmaking paraphernalia was to be found there. There was nothing in the affidavit to justify a reasonable belief that defendant carried anything on his person or in the car which was subject to seizure under *R. R.* 3 :2A–2. The 'Armstrong' sheet was *prima facie* lawful. Indeed, the car was not even mentioned in the body of the affidavit.

Assuming, without deciding, that there was probable cause to believe that bookmaking or lottery was being conducted at 685 West 4th Street, and that defendant was aiding or abetting the operation and was not at that address as a mere bettor, there was nothing in the affidavit to connect that address and that operation with defendant's home and automobile. There was no proof of the nature of his involvement with the operation in Plainfield, or of any other facts or circumstances, from which it would be reasonable to assume that he carried gambling paraphernalia on his person or in his car, or kept them in his home.

The State cites the following cases in which searches have been sustained: *United States v. Carroll*, 98 *U. S. App. D. C.* 244, 234 *F. 2d* 679 (*D. C. Cir.* 1956), reversed o. g. 354 *U. S.* 394, 77 *S. Ct.* 1332, 1 *L. Ed. 2d* 1442 (1957) ; *United States v. Long*, 169 *F. Supp.* 730 (*D. D. C.* 1959) ; *United States v. Stewart*, 79 *F. Supp.* 313 (*E. D. Pa.* 1948). See also *Townsend v. United States*, 253 *F. 2d* 461 (5 *Cir.* 1958) ; *Clay v. United States*, 246 *F. 2d* 298 (5 *Cir.*), *cert.* denied 355 *U. S.* 863, 78 *S. Ct.* 96, 2 *L. Ed. 2d* 69 (1957) ; *United States v. Bell*, 126 *F. Supp.* 612 (*D. D. C.* 1955), affirmed as to all defendants but one, *sub. nom. Woods v. United States,*

99 *U. S. App. D. C.* 351, 240 *F. 2d* 37 (*D. C. Cir.* 1956), *cert.* denied 353 *U. S.* 941, 77 *Sup. Ct.* 815, 1 *L. Ed. 2d* 760 (1957); *Williams v. State,* 95 *Okl. Cr.* 131, 240 *P. 2d* 1132, 1137, 31 *A. L. R. 2d* 851 (*Okl. Crim. Ct. App.* 1952). However, in all of them there appeared more relevant facts and circumstances than were set forth in the above quoted affidavit.

Homes may be searched, but only after it has been established that there is probable cause to believe that criminal activities are being conducted therein, or that contraband or other property subject to seizure under *R. R.* 3:2A–2 may be found therein. *Johnson v. United States,* 333 *U. S.* 10, 68 *S. Ct.* 367, 92 *L. Ed.* 436 (1948). Without such proof, the search of even a criminal's home is forbidden.

For the foregoing reasons, the search warrant was improvidently issued. The motion to suppress the evidence should have been granted. Since the motion was denied, and the evidence was used to convict the defendant, the conviction is reversed."

*Mr. Arthur S. Meredith* argued the cause for the appellant (*Mr. Raymond R. Trombadore,* on the brief).

*Mr. David I. Stepacoff* argued the cause for the respondent (*Mr. Jay M. Hollander,* on the brief).

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge Gaulkin in the Superior Court, Appellate Division.

*For affirmance*—Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.