## UNITED STATES of America

### v.

### Orson G. WHITE, Appellant.

### No. 74–1541.

United States Court of Appeals, District of Columbia Circuit.

Feb. 12, 1975.

Gerry Levenberg, Washington, D. C. (appointed by this court) was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, S. Allen Early, III, and Michael H. Gertner, Asst. U. S. Attys., were on the brief for appellee. Bette E. Uhrmacher, Asst. U. S. Atty., entered an appearance for appellee.

Before McGOWAN, MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

On April 2, 1974, appellant was found guilty of possessing both heroin (Count 1) and cocaine (Count 3) with intent to distribute (21 U.S.C. § 841(a)), and possession of an unregistered firearm, a sawed-off shotgun (Count 5) (26 U.S.C. § 5861(d)). Two weeks later on April 15th, appellant moved the court to reconsider his pretrial motion to suppress evidence, which the court had denied. This motion was coupled with a request for bond pending sentence. On April 18th, without any further hearing, the court denied both motions. On May 9, 1974, the court adjudged sentences of four to twelve years each on counts 1 and 3 and five years on count 5, all sentences to run concurrently with a special parole term of three years.[1] From that judgment this appeal was taken.

The appeal makes no attack whatsoever upon the sufficiency of the evidence to support the convictions. Instead, as the brief of appellant states, the "single issue . . . presented . . . [is] whether the District Court abused its discretion by denying defendant's motion for reconsideration of" its decision on his pretrial motion to suppress all the material tangible evidence in the case on the claim that the police officers did not properly knock and announce their identity and purpose when they broke down the door of appellant's house to execute a validly issued search warrant. The resulting search turned up the contraband heroin, cocaine, some narcotic packaging material and instruments, and the sawed-off shotgun and ammunition. If such vital evidence were suppressed the Government would be hard put to prove its case.

■ Appellant alleges on this appeal that the court abused its discretion when it denied his motion to reconsider its decision denying his pretrial suppression motion. The latter motion was based on an alleged proffer of "newly discovered evidence [which] will not impact directly on the case in chief; rather, it reaches factual circumstances which may affect a ruling on the admissibility of evidence." Appellant's Reply Br., p. 6. In substance, the claim is that the alleged newly discovered evidence—testimony by a former policeman who participated in the raid—would raise a reasonable doubt as to the credibility of the testimony of certain other police officers that they complied with the requirements of 18 U.S.C. § 3109 before making their entry. This was the same tactic that appellant pursued in his pretrial motion. The statute provides:

§ 3109. Breaking doors or windows for entry or exit.

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant. (June 25, 1948, ch. 645, 62 Stat. 820.)

We have held that a declaration that those who seek entry are police officers complies with the statutory requirement of announcement of authority, United States v. Harris, 140 U.S.App.D.C. 270, 278, 435 F.2d 74, 82 (1970), cert. denied, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152 (1971); Gatlin v. United States, 117

---

1. We dispose of this case under Rule 11(e) since the record and briefs indicate that oral argument would not be useful.

U.S.App.D.C. 123, 130, 326 F.2d 666, 673 (1963). We have also concluded that the requirement of an announcement of purpose does not apply in certain exigent circumstances—for example, where such an announcement would be a "useless gesture," United States v. Wylie, 149 U.S.App.D.C. 283, 291–92, 462 F.2d 1178, 1186–87 (1972); Bosley v. United States, 138 U.S.App.D.C. 263, 269, 426 F.2d 1257, 1263 (1970); or where it would create "palpable peril to the life or limb of the arresting officers," Harris, supra, 140 U.S.App.D.C. at 279, 435 F.2d at 83. Appellant nevertheless continues to allege that the police did not make a valid announcement and claims that under the circumstances "the court should hear additional testimony on this issue." At best, the testimony he now offers would be cumulative of what was offered on the pretrial motion. The situation here is akin to a motion for new trial on the basis of newly discovered evidence.

█ In Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652 (1951), we set out a few of the requirements that must be satisfied in such situations:

"The trial court has a broad discretion as to whether a new trial should be granted because of newly discovered evidence, and its action will not be disturbed on appeal unless an abuse of that discretion appears." To obtain a new trial because of newly discovered evidence (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal.

Id. at 236, 188 F.2d at 653, quoting in part from McDonnel v. United States, 81 U.S.App.D.C. 123, 155 F.2d 297 (1946). In appellant's moving papers (1) the

identity of the witness is not disclosed, (2) there is no supporting affidavit or other factual support, and (3) there is no claim that the witness was not available or discoverable by reasonably diligent inquiry at the time of the hearing on the original motion to suppress. Upon such motions and in such circumstances the trial court has a broad discretion in acting and its decision will not be disturbed upon appeal unless an abuse of that discretion appears.

Appellant testified that he and his wife were asleep on the second floor of their home when the officers arrived at about 6 A.M. He denied hearing any announcement prior to the time the police forced the door open with a battering ram.[2] It was the crashing sound of the ram that first awakened appellant and his wife. The forcible entry took approximately 5 to 10 seconds (Tr. 22). Immediately thereafter the police entered the house and found appellant's wife in her sleeping garments already half way down the front stairs. Appellant was just back of her at the top of the steps (Tr. 22). That they were found so far from their bed at the instant the police entered the house might be taken as some indication that the police had knocked and made an announcement, as they testified, and that appellant and his wife were awakened thereby before the police used the battering ram to gain entrance. Under the circumstances it was within the province of the trial court to decide from direct testimony and the conflicting inferences that could be drawn from it that the police had properly complied with the statute.

█ We note that appellant does not attack the denial of the original motion. He already had his day in court on his first motion. It would have been a simple matter to subpoena the police officers who participated in the search and have them testify at the first suppression hearing. Appellant's failure to take this step amounts to a lack of the dili-

---

2. His testimony that the first thing he heard was a loud bang is consistent with his being asleep prior to the time that the police broke down the door. If this version were accurate he would not be a competent witness as to whether the police made the proper announcement prior to breaking and entering.

gence which the law requires in this circumstance, and when we note that the testimony he now proffers is basically cumulative in nature, we conclude that there was no abuse of discretion in the court's refusal to reopen the matter. Our conclusion in this respect is buttressed by the other enumerated deficiencies in the motion set forth above. *Cf.* Thompson v. United States, *supra*; McDonnel v. United States, *supra.* We thus affirm the convictions on all counts.

Judgment accordingly.