**UNITED STATES of America,**

v.

**Wayne WATSON, Defendant.**

**No. CRIM.A.04–344 RWR.**

United States District Court, District of Columbia.

Sept. 7, 2005.

Jenifer Wicks, Law Offices of Jenifer Wicks, Washington, DC, Jonathan Jeffress, Federal Public Defender, Washington, DC, for defendant.

Anita Larue, Ann H. Petalas, Carlos F. Acosta, Elliot Williams, Wendy L. Short, U.S. Attorney's Office, Washington, DC, for U.S.

## MEMORANDUM OPINION

ROBERTS, District Judge.

Defendant Wayne Watson is charged in a three-count indictment with being a felon in possession of a firearm and ammunition, possession with intent to distribute ecstasy, and using, carrying, and possessing a firearm during a drug trafficking offense. Defendant moved to suppress physical evidence recovered during a traffic stop, and the court denied that motion after an evidentiary hearing. Defendant now moves to reopen the suppression hearing. Because the defendant has not demonstrated that reopening the suppression hearing concerning the physical evidence is warranted, the defendant's motion has been denied.

## BACKGROUND

Metropolitan Police Department Officers Teixeira and Dailey stopped a car driven by defendant on May 28, 2004. Dailey walked up to the driver's door and retrieved defendant's identification. Teixeira stood on the passenger side of the car

while Dailey ran an identification check. As the officers later directed, defendant got out of the car. Upon searching the area where defendant had been seated, the officers found a weapon under the floormat of the driver's seat. They arrested and searched the defendant, finding money in his pockets. They also recovered a bag with suspected narcotics from inside the car. Defendant was indicted on July 27, 2004.

Defendant's previous counsel moved to suppress the physical evidence recovered during the traffic stop. Teixeira testified at the suppression hearing held on January 21, 2005. The court credited Teixeira's testimony that Sergeant Wright, who was watching an intersection, had radioed that defendant had run a stop sign. (Mot. Tr. at 8–9.) The court found that probable cause to believe that the defendant had committed a traffic violation supported the traffic stop. (Mot. Tr. at 120–21.) The court also found that the officers had at minimum a reasonable, articulable suspicion that there may have been danger to them, and could conduct a limited search in the area which the defendant could have reached while he was seated in his car. (*Id.* at 126–27.) This conclusion was based on Teixeira's testimony that the defendant displayed nervousness; that the defendant continually glanced over his right shoulder toward Teixeira and away from Dailey who was having a discussion with the defendant immediately to the defendant's left; that the defendant was sweating profusely; and that he appeared to be bending forward, reaching under his seat, and moving his right arm forward. (*Id.*) In addition, the court found that the officers had probable cause to arrest and frisk the defendant after they recovered the handgun from the car. (*Id.* at 127.) At the conclusion of this evidentiary hearing, defendant's motion to suppress was denied. (*Id.* at 128.)

Defendant, through new counsel, has now moved to reopen the hearing on defendant's motion to suppress evidence. (Def.'s Mot. to Reopen the Hr'g on Def.'s Mot. to Suppress Tangible Evidence ("Def.'s Mot. to Reopen") at 1.) Defendant seeks to question Officer Dailey and further examine Teixeira to elicit facts that defendant claims could impeach Teixeira's prior testimony. (*Id.* at 1–2.) Specifically, defendant seeks to (1) cross-examine Teixeira regarding the recovery of four cell phones from the car, (2) cross-examine Teixeira regarding the view of the front seat from the back and passenger side of the car, and the timing of the warrant check, (3) question Dailey about the timing of the warrant check and the source of information on the traffic ticket, (4) present evidence that the front seat is not visible from the rear of the vehicle where Teixeira allegedly viewed the cell phone on the seat beside the defendant while Teixeira stood behind the vehicle, (5) introduce a photo that shows the cell phone charger plugged into the front console and hanging down into the floorboard area, and the PD–81 police form, as impeachment of Teixeira, if necessary, and (6) introduce cell phone call records, if defendant could procure them, to show that the timing of the stop in conjunction with the use of various cell phones in the vehicle would corroborate the defendant's testimony at the [January] hearing. (Def.'s Mot. to Reopen at 2.) Defendant also argues in his reply memorandum that his counsel at the time conducted ineffective cross-examination. (Def.'s Reply at 1.)

## DISCUSSION

■ A motion to reopen a suppression hearing is committed to the sound discretion of the district court. *See United States v. White*, 514 F.2d 205, 206 (D.C.Cir.1975). The courts of appeals

have articulated various approaches to assessing a motion to reopen a suppression hearing. The Third and Sixth Circuits have broadly compared reopening suppression hearings to reopenings generally. "A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally." *United States v. Carter,* 374 F.3d 399, 405 (6th Cir.2004), *judgment vacated on unrelated grounds,* —— U.S. ——, 125 S.Ct. 1056, 160 L.Ed.2d 1045 (2005). The Third Circuit has stated, " '[C]ourts should be extremely reluctant to grant reopenings.' " *United States v. Kithcart,* 218 F.3d 213, 219–20 (3d Cir. 2000) (quoting *United States v. Blankenship,* 775 F.2d 735, 740 (6th Cir.1985)) (holding that district court erred in allowing the government to reopen suppression hearing and relitigate suppression motion, noting that the standard is analogous to the question of whether the government may reopen its case after resting). The court in *Kithcart* explained: "When faced with a motion to reopen, the district court's primary focus should be on whether the party opposing reopening would be prejudiced if the reopening is permitted." *Id.* at 220 (internal quotations and citations omitted).

■ When defendants have sought to have a suppression hearing reopened based on alleged newly discovered evidence, the courts of appeals have fashioned different standards based on the timing of the motion for reconsideration. For post-trial reconsideration motions, the D.C. Circuit has applied the standard used for a motion for a new trial on the basis of newly discovered evidence. *See United States v. White,* 514 F.2d 205, 207 (D.C.Cir.1975).[1] To obtain a new trial based on newly discovered evidence, (1) the evidence must have been discovered since the trial; (2) the party seeking to introduce the evidence at a new trial must show due diligence in attempting to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must be of such nature that it is likely to produce an acquittal. *Thompson v. United States,* 188 F.2d 652, 653 (D.C.Cir.1951).

■ The Seventh Circuit has stated that courts should not apply the new trial standard as the test for whether a court should reopen a suppression hearing pretrial. *United States v. Scott,* 19 F.3d 1238, 1243 (7th Cir.1994) ("A criminal case, once it is over, may only be retried under extraordinary circumstances. A suppression of evidence hearing is an entirely different kind of proceeding. There is no analogy between a request for a new criminal trial and the reopening of a preliminary proceeding of the type in this case.")(referring to the government's pre-trial request for reconsideration). Rather, the test should be whether a witness's credibility is directly called into question by the evidence the moving party—— in that case, the defendant—— seeks to introduce. *See United States v. Duran,* 957 F.2d 499, 505–06 (7th Cir.1992); *Scott,* 19 F.3d at 1243.

In *Duran,* the trial court denied the defendant's motion to suppress. 957 F.2d at 501. The defendant unsuccessfully sought to reopen the hearing to permit

**1.** In *White,* the defendant claimed as newly discovered evidence testimony by a former policeman that would raise a reasonable doubt as to the credibility of certain other police officers. The court held that there was no abuse of discretion in denying the motion to reopen, since defendant failed to subpoena the police officers and have them testify at the first suppression hearing, which showed a lack of diligence, and the testimony proffered was cumulative in nature. 514 F.2d at 207–208.

him to undermine the credibility of a main witness, a detective involved in the case, by introducing evidence that the detective had committed physical abuse in a different case. *Id.* at 505. The Seventh Circuit stated that the defendant's argument might have had merit if (1) the defendant alleged abuse in the current interrogation and the judge had believed the detective's denial, or (2) the misconduct was the type that directly called his credibility into question. *Id.* at 505–06. However, the court held that the defendant's "vague claim" that the additional evidence would allow the defendant to impeach the witness's credibility was insufficient, and held that the district court properly refused to reopen the suppression hearing. *Id.* at 506.

For a defendant's motion for reconsideration during trial, the D.C. Circuit has said that if "[n]ew facts, new light on the credibility of government witnesses, or other matters appearing at trial may cast reasonable doubt on the pretrial ruling," the trial court has a "duty" to reconsider the suppression issue. *Rouse v. United States*, 359 F.2d 1014, 1015–1016 (D.C.Cir. 1966). In *Rouse*, the government witness changed his testimony at trial to be consistent with the other government witness. This new development, coupled with the original conflicting testimony of the witnesses at the suppression hearing, gave the court of appeals reason to remand the issue to the district court for reconsideration. *Id. See also, Masiello v. United States*, 304 F.2d 399, 401 (D.C.Cir.1962) (finding that the district court erred when it denied defendant's request for reconsideration of a motion to suppress where conflicting evidence emerged at trial).

In *Naples v. United States*, 382 F.2d 465 (D.C.Cir.1967), defendant's third trial elic-

ited new evidence that called into question the trial court's refusal to reconsider his motion to suppress a confession. *Id.* at 468. The D.C. Circuit found that the evidence was of such a "new and material character" that it justified disregarding two earlier D.C. Circuit opinions sustaining the confession's admissibility. *Id.*

During the pretrial stage, the Fifth Circuit has held, in an unpublished opinion, that "[w]hile the district court has wide discretion in determining when to reopen an evidentiary hearing, it abuses its discretion" where it declines to reopen if "new evidence creates a genuine factual dispute on an outcome determinative fact." *United States v. Mercadel*, No. 02–30976, 75 Fed.Appx. 983 (5th Cir. July 1, 2003). In *Mercadel*, the district court had denied the government's motion to reopen the suppression hearing on alternative grounds. First, the district court held that allowing the government to introduce additional evidence would amount to a "second bite at the apple, not to be allowed in the absence of any newly discovered evidence." *Id.* (internal quotations omitted). Second, the district court said that "the additional evidence the government sought to introduce . . . would not likely change the Court's findings on the issue of the witnesses' credibility, which was based largely on observation of the witnesses and their demeanor." *Id.* (internal quotations omitted). The government argued that the district court should have applied a more liberal standard for ruling on the motion to reopen. Without deciding whether the standard the district court applied was correct, the Fifth Circuit found that the district court had not abused its discretion because the district court had found that the new evidence sought to be introduced would not affect its determination.[2] *Id.*

2. When the government seeks pretrial to reopen a suppression hearing, the Seventh and

One unpublished Ninth Circuit case involved new defense counsel seeking during the pre-trial phase to reopen a suppression hearing held prior to his representation of the defendant, as is the case here. *See United States v. Wallette*, No. 95–30201, 94 F.3d 654, 1996 WL 468648, at *2 (9th Cir. Aug.16, 1996). In *Wallette*, the defendant's first court-appointed counsel filed a motion to suppress evidence, which was denied. The defendant then obtained new counsel who filed a second, untimely motion to continue the trial and to reopen the suppression hearing, arguing that first counsel had failed to include several important arguments in the first motion. The Ninth Circuit stated that "[t]he district court abuses its discretion if it declines to reconsider when several new issues have become relevant since the time of its original ruling." *Id.* at *3. "*Wallette's* counsel may have formulated new strategies, but no change in circumstances gave rise to new issues between the time the court denied the motion to suppress and its refusal to reconsider that denial." *Id. See also, Carter*, 374 F.3d at 405 (holding that in order to reopen the suppression hearing, the defendant must supply a reasonable explanation for its failure to present evidence so that the trial court can evaluate whether it is reasonable and adequate to explain the failure).[3]

■ Under each of these standards, the defendant has failed to demonstrate that reopening the hearing is warranted. Defendant has presented no evidence that is new or was unobtainable before the original suppression hearing was held, nor has defendant articulated any new issues that have become relevant since the original ruling that warrant exploration. Defendant advances additional cross-examination and questioning not pursued by prior counsel that he claims could impeach the testifying officer. However, none of the questions advanced is likely to undermine

___

Ninth Circuits allow reconsideration of a suppression order where a subsequent revelation suggests that the evidence was lawfully obtained and puts the court's original ruling in doubt, and the reconsideration request was not a result of purposeful delay by the government and would not prejudice the defendant. *United States v. Rabb*, 752 F.2d 1320, 1323 (9th Cir.1984); *United States v. Regilio*, 669 F.2d 1169, 1177 (7th Cir.1981); *Scott*, 19 F.3d at 1242–43 (holding that a witness's request to recant her testimony, combined with the magistrate's assessment that the witness made a mistake, called the witness's credibility into question and therefore was a sufficient basis to reopen the hearing). *See also United States v. Bayless*, 201 F.3d 116, 131 (2nd Cir.2000) (noting the Ninth Circuit's rejection in *Rabb* of the justification requirement discussed *infra*, n. 3). *But see United States v. Scott*, 524 F.2d 465, 467 (5th Cir.1975) (holding that it is within the judge's discretion to reconsider suppressed evidence in the absence of new issues or evidence).

3. Even when the government seeks to reopen a suppression hearing, courts have used a

similar standard. Both the D.C. Circuit and Third Circuit have suggested that where the government is asking to reopen a suppression hearing, it must provide a reasonable explanation for its failure to present its proffered evidence initially at the first suppression hearing. *See Kithcart*, 218 F.3d at 219–20 (holding that the district court erred in allowing the prosecution, on remand, to reopen the record and present additional testimony, due to the "total absence of any explanation for why such evidence was not produced during the first suppression hearing"); *McRae v. United States*, 420 F.2d 1283, 1289 (D.C.Cir. 1969) (holding that "relitigation of the suppression order issued before trial was improper" where "the Government merely proposed, at best, to allow [the officer] to elaborate upon his earlier testimony, without the slightest explanation why elaboration was necessary"). "In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both reasonable, and adequate to explain why the government initially failed to introduce evidence that may have been essential to meeting its burden of proof." *Kithcart*, 218 F.3d at 220.

 

the court's conclusion that a sergeant alerted the officers that defendant ran a stop sign and the officers lawfully stopped defendant, or that defendant was nervous, was sweating profusely, and appeared to reach under his seat before they took defendant out of the car. Furthermore, all of these questions could have been suggested by the evidence at the first hearing. The questions reflect defendant's new counsel's different strategic choices about questioning witnesses, which is insufficient to warrant reopening a hearing. Moreover, prior counsel's cross-examination certainly did not reflect ineffectiveness. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to succeed on an ineffective assistance counsel claim, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different"); *United States v. Geraldo,* 271 F.3d 1112, 1116 (D.C.Cir.2001) ("The defendant bears the burden of proving that his lawyer made errors 'so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment' and that counsel's deficient performance was prejudicial."). Prior defense counsel persistently and vigorously questioned Teixiera, pointing to inconsistencies and prodding him about the inconsistencies in an attempt to impeach his credibility. (Tr. at 39–70.) Lastly, there is no suggestion that Teixiera committed perjury or that declining to reopen the motions hearing would be a miscarriage of justice. Nothing suggests that giving defendant a "second bite at the apple" is in the interests of justice.

## CONCLUSION

Because defendant has not demonstrated that reopening the suppression hearing is warranted or in the interests of justice, defendant's motion to reopen the suppres-

sion hearing regarding the physical evidence seized [39] has been denied.